**U.S. BANK NATIONAL ASSOCIATION**
**AS TRUSTEE,**

**Plaintiff,**

-vs-                                                    Case No.  **6:10-cv-34-Orl-19DAB**

**LLOYD A. STORY; THE UNKNOWN**
**SPOUSE OF LLOYD A. STORY; ANY**
**AND ALL UNKNOWN PARTIES, etc.,**

**Defendants.**
_____

## ORDER

This case comes before the Court on the Notice of Removal filed by Defendants Lloyd A.

Story and Sara K. Lovejoy-Story.  (Doc. No. 1, filed Jan. 6, 2010.)

### Background

U.S. Bank National Association ("Plaintiff") initially filed suit against Lloyd A. Story, the

unknown spouse of Lloyd A. Story, and any and all unknown parties in the Ninth Judicial Circuit in

and for Osceola County, Florida, seeking mortgage foreclosure and re-establishment of the mortgage

note.  (Doc. No. 3, filed Jan. 6, 2010.)  Lloyd Story and his wife, Sarah K. Lovejoy-Story, ("the

Storys") previously attempted to remove this matter to the Middle District of Florida on January 1,

2009.  (Case No. 6:09-cv-00077-JA-DAB, Doc. No. 1, filed Jan. 1, 2009.)  Proceeding *pro se*, the

Storys filed a Notice of Removal alleging that removal was appropriate under 28 U.S.C. § 1446(d).

(*Id*.)  On February 25, 2009, Judge John Antoon II issued an Order remanding the case to the Ninth

Judicial Circuit.[1] (Case No. 6:09-cv-00077-JA-DAB, Doc. No. 7.) The Storys subsequently filed an appeal, which the Eleventh Circuit dismissed sua sponte for lack of subject matter jurisdiction. (Case No. 6:09-cv-00077-JA-DAB, Doc. No. 11, filed May 26, 2009.)

On January 6, 2010, the Storys filed the present Notice of Removal. The Notice alleges that removal is appropriate under 28 U.S.C. §§ 1441(a) and 1446(d). (Doc. No. 1.) The Notice also states that the Plaintiff lacks standing to sue in the State of Florida and suggests that the Plaintiff violated 18 U.S.C. §§ 891, 892, 893, and 894. (*Id.*)

**Standard of Review**

### I. Subject Matter Jurisdiction

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction. . . ." Fed. R. Civ. P. 8(a)(1).

### II. Removal

A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1446. Once the case is removed, the plaintiff may move to remand the case to state court for lack of subject matter jurisdiction at any time. 28 U.S.C. § 1447(c). The plaintiff may also move to remand by challenging "the propriety of the removal itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction" within thirty days of removal. *See Lowery v. Alabama Power*

---

[1] The Order provided that Plaintiff could file a motion for costs and fees incurred as a result of the improvident removal. (Case No.: 6:09-cv-00077-JA-DAB, Doc. No. 7 at 2.)

*Co.*, 483 F.3d 1184, 1213 n.64 (11th Cir. 2007), *cert. denied*, 128 S.Ct. 2877 (2008). (construing §

1447(c)). Additionally, a court must remand the case to state court sua sponte where federal subject

matter jurisdiction is lacking. *Estate of Ayres ex rel Strugnell v. Beaver*, 48 F. Supp. 2d 1335, 1339

(M.D. Fla. 1999). In either case, the defendant must prove the jurisdictional requirements for removal

by a preponderance of the evidence. *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir.

2002). Conclusory allegations that the jurisdictional amount is satisfied, without setting forth the

underlying facts supporting such assertion, are insufficient. *Williams v. Best Buy Co.*, 269 F.3d 1316,

1319-20 (11th Cir. 2001). All uncertainties concerning removal jurisdiction are resolved in favor of

remand. *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

When considering a timely motion to remand for improper removal, the court must look only

to the evidence in the record when the motion to remand was filed.[2]

> In assessing whether removal was proper . . . , the district court has before it only the
> limited universe of evidence available when the motion to remand is filed - i.e., the
> notice of removal and accompanying documents. If that evidence is insufficient to
> establish that removal was proper or that jurisdiction was present, neither the
> defendants nor the court may speculate in an attempt to make up for the notice's
> failings. . . . The absence of factual allegations pertinent to the existence of
> jurisdiction is dispositive.

*Lowery*, 483 F.3d at 1213-15.[3] However, there are a few exceptions to the rule that the district court

must only consider the removing documents. For example, the defendant may introduce a paper

---

[1] In contrast, if subject matter jurisdiction is challenged after the thirty-day period for challenging removal has lapsed, "the court may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction." *Lowery*, 483 F.3d at 1213 n.64. This is because in such a situation, "the court is no longer considering the propriety of the removal, but instead, whether subject matter jurisdiction exists at all." *Id.* (citations omitted) (emphasis in original).

[2] This holding was expressly limited to diversity cases. *Lowery*, 483 F.3d at 1215 n.71.

-3-

showing sufficient grounds for removal that it received after filing an insufficient notice of removal but before remand is ordered. *Lowery*, 483 F.3d at 1214 n.66. In addition, a defendant may establish the amount in controversy by introducing a contract specifying the amount owed. *Id*. The district court also has the discretion to hold a hearing on the sufficiency of the removing documents. *Id*. In summary, "the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (quoting *Allen v. R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

## Analysis

"Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.'" *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (citing *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004)). "A federal district court must therefore remand to state court any case that was removed without . . . the necessary jurisdiction." *Estate of Ayres*, 48 F. Supp. 3d at 1339; 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3739 at 756-57 (1976); *see also Yusefzadeh v. Nelson, Mullins, Riley & Scarbrorough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (noting that a district court may not *sua sponte* decide to remand the case for any procedural defect other than lack of subject matter jurisdiction). Removal jurisdiction is limited through strict construction of the removal statutes. *Cespedes v. Scottsdale Ins. Co.,* No. 205CV240FTM33SPC, 2005 WL 2978169 at *2 (M.D. Fla. 2005) (citing *Estate of Ayres*, 48 F. Supp. 2d at 1340). "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Id.*

In the present case, the Storys allege that the Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1441(a).[4] Section 1441(a) provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts have original jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim is considered to arise under the Constitution, laws, or treaties of the United States for purposes of Section 1331 "only when a federal question is presented on the face of the plaintiff's properly pleaded compliant." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001). Here, the Plaintiff's two-count Complaint does not state a federal cause of action. (Doc. No. 3.) Instead, it alleges a state mortgage foreclosure claim and a state claim for a lost mortgage note under Florida Statute § 673.3091. Accordingly, the Court lacks federal question jurisdiction over the Complaint.[5]

Diversity of citizenship subject matter jurisdiction also falls within the original jurisdiction of district courts. 28 U.S.C. § 1332; *Sierminski*, 216 F.3d at 947. Diversity jurisdiction is properly invoked in cases where the removing party establishes by a preponderance of the evidence: (1) complete diversity of citizenship, and (2) an amount in controversy greater than $75,000. 28 U.S.C. § 1332; *Leonard*, 279 F.3d at 972. However, 28 U.S.C. § 1441(b) states that a diversity action

---

[4] The Storys also maintain that the matter may be removed pursuant to 28 U.S.C. § 1446(d). This allegation is insufficient as a matter of law. Section 1446(d) is the statute that governs the *procedure* for removal; it cannot provide the basis for removal. In addition, the Storys fail to allege factual support for the assertion that the Court has jurisdiction over the Compliant pursuant to 28 U.S.C. § 1441(a).

[5] In the Notice of Removal, the Storys suggest that the Plaintiff violated 18 U.S.C. §§ 891, 892, 893 and 894. For the purposes of removal, however, only those claim alleged in a well-plead complaint may serve as the basis for removal under Section 1331. *See Smith*, 236 F.3d at 1310.

brought under 28 U.S.C. § 1332 is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Here, the Storys appear to be citizens of Florida, residing at 8646 Vista Pine Court in Orlando, Florida.[6] (Doc. No. 1 at 2; Doc. No. 3 at 5.) Accordingly, the matter is not removable under 28 U.S.C. § 1332.

The remainder of the Notice of Removal similarly fails to establish the necessary federal jurisdiction. Consequently, this case must be remanded to state court.

**Conclusion**

Based on the foregoing, the case is **REMANDED** to state court.

**DONE** and **ORDERED** in Orlando, Florida on January 11, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[6] The Storys must prove the jurisdictional requirements for removal by a preponderance of the evidence. *Leonard*, 279 F.3d at 972. Thus, the lack of evidence establishing that the Storys reside in a state other than Florida is sufficient to preclude diversity of citizenship jurisdiction. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) (noting the long-standing judicial rules placing the burden on the defendant to establish jurisdiction in removal cases).